UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNETTE JACKSON, individually and on behalf of the General Public,<br><br>Plaintiff,<br><br>v.<br><br>ANNE G. BEMIS, individually and as Trustee of the Frank and Anne Bemis Trust Agreement dated April 8, 1999,<br><br>Defendant. | Civil No. 05cv1895-L(LSP)<br><br>**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO SERVE; (2) QUASHING SERVICE OF PROCESS; AND (3) ORDERING PROPER SERVICE OF PROCESS** |

In this Fair Housing Act action, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). Plaintiff filed an opposition. Defendant did not file a reply. For the reasons which follow, Defendant's motion is **DENIED**. However, since service was not proper, it is quashed, and Plaintiff is **ORDERED** to effect proper service no later than November 17, 2006.

Plaintiff filed a complaint on October 4, 2005. In her first amended complaint, filed October 11, 2005, she alleged that in January 2003 she sought to rent Defendant's residential property located at 4891 and 4893 Clearview Way in La Mesa, but her application was denied. While Plaintiff disclosed she was on disability at that time, the stated reason for denying her

/ / / / /

application was that Defendant preferred to rent to a family.  After denying the application, the property allegedly continued to be advertised for rent.  Plaintiff maintains the denial of her application was discriminatory pursuant to the Fair Housing Act.

On May 16, 2006 Plaintiff filed a Proof of Service of Summons and Complaint, stating that in the evening on December 26, 2005, the documents were left in the presence of "Jane Doe, 50, 5'6 [*sic*], 200, white female" at 4891 Clearview Way in La Mesa.  In addition, the documents were mailed to the same address on January 24, 2006.  Based on the allegations in the first amended complaint, this service of process could not have been proper.  Plaintiff alleged the rental property was conveyed to a third party on or about November 23, 2004, before the filing of this action.  She also alleged Defendant resided in El Cajon, not in La Mesa.

Defendant filed a declaration of Jimmy R. Diermeier, who stated he resided at 4891 Clearview Way with his wife at the time of the purported service.  On December 26, 2005, someone left folded papers on the doorstep while he and his wife were away.  He stated his wife does not fit the description in the proof of service, she was not at home when the papers were left, and that neither he nor his wife were authorized to accept service on behalf of Defendant.

Defendant also filed her own declaration stating she had not been served, and had not authorized anyone living at 4891 Clearview Way to accept service on her behalf.  She moved from La Mesa to El Cajon in January 2003, and sold the property in November 2004.  She represents she has been residing at 1343 Bitterbush Lane, El Cajon, CA 90219 since January 2003.

Although Defendant contends she was not properly served, she admits she received actual notice of this action in late February 2006, when she was mailed a copy of a request for entry of default.  Furthermore, on April 20, 2006 Plaintiff's counsel sent a letter to the Court explaining that Defendant had not been properly served and discussing at length the pertinent allegations in Plaintiff's first amended complaint.  Accordingly, Defendant has actual notice of this action and has reviewed the allegations in the first amended complaint.

/ / / / /

/ / / / /

Pursuant to Rule 4(m), "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time . . .." District courts have broad discretion under Rule 4(m). *United States v. 2,164 Watches*, 366 F.3d 767, 772 (9th Cir. 2004). "A district court may, for instance, extend time for service retroactively after the 120-day service period had expired." *Id*. Furthermore, "**even without a showing of good cause**, a district court may utilize its 'broad' discretion to extend the time for service." *Id*. (emphasis added). In exercising its discretion to extend time for service of process, the court considers whether the plaintiff showed good cause for the delay, any prejudice to the defendant from the delay in service, and any prejudice that would result to the plaintiff from dismissing the action without prejudice. *Id*. at 773.

Proper service in this case has not been made within 120 days. However, Defendant does not contend she has been prejudiced by the delay. On the other hand, Plaintiff maintains she will be prejudiced due to the running of the statute of limitations. (*See* Ex Parte Application of Lynette Jackson for Relief from Dismissal, 4/11/06, at 2-3.) Therefore, even if the action is dismissed without prejudice, Plaintiff may be barred from re-filing the bulk of her claims. (*Id*.) "The existence of prejudice of this kind could affect what action a court might choose to take in response to untimely service of process." *2,164 Watches*, 366 F.3d at 773 ("the running of the statute of limitations is a factor supporting the discretionary granting of an extension of time to make service[.]"). "[T]he advisory committee notes explicitly contemplate that a district court might use its discretion to grant an extension [under the circumstances of this case]: 'Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action.'" *Mann v. Am. Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003) (quoting Fed. R. Civ. P. 4, Advisory Comm. Note to 1993 Am., Subdivision (m)).

Since any prejudice from the delay in service to Defendant is outweighed by potential prejudice to Plaintiff, **IT IS HEREBY ORDERED** as follows:

1. Defendant's motion to dismiss is **DENIED**.

2. Purported service of process on December 26, 2005 and January 24, 2006 is quashed. No later than November 17, 2006, Plaintiff shall effect proper service on Defendant. Defendant shall forthwith inform Plaintiff of the address where she will accept service.

**IT IS SO ORDERED**.

DATED: October 18, 2006

_____
M. James Lorenz

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL